# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BARLOVENTO, LLC,

    Plaintiff/Counter-Defendant,

v.                                                                                                            CV 18-1112 GJF/JHR

AUI, INC.,

    Defendant/Counterclaimant,

and

WESTERN SURETY COMPANY,

    Defendant.

## ORDER GRANTING DEFENDANTS' MOTION TO EXTEND THE DEADLINE TO FILE PRETRIAL MOTIONS TO DECEMBER 2, 2019

    This matter comes before the Court on Defendants' Motion to Extend the Deadline to File Pretrial Motions to December 2, 2019 [Doc. 79], filed November 21, 2019. The Court has considered Plaintiff's response opposing the Motion [Doc. 80], filed November 22, 2019, and concludes that a reply brief is not necessary. Having considered the pertinent rules and the positions of the parties, the Court will **grant** the Motion.

    On May 31, 2019, the Court issued an Amended Scheduling Order which set the deadline for filing pretrial motions for November 22, 2019. [*See* Doc. 52]. In the meantime, the parties conducted discovery and concluded expert depositions on November 5, 2019. [Doc. 79, p. 1]. The parties also attended a settlement conference with this Court as mandated by the district's Local Rules on November 13, 2019. [*See* Doc. 78]. Due to the timing of the completion of the expert depositions and the settlement conference, Defendants' present Motion requests an extension of roughly a week to file pretrial motions. [Doc. 79, p. 2]. Defendants do not seek to extend any other

dates set forth in the Amended Scheduling Order and are not requesting that the pretrial or trial dates be moved. [*Id.*].

Plaintiff opposes Defendants' requested extension. [*See* Doc. 80]. Citing Local Rule 16.1, Plaintiff correctly points out that "[m]odification of deadlines in the Court's scheduling orders and trial notices, whether or not opposed, requires a showing of good cause and Court approval." D.N.M.LR-Civ. 16.1. The same is true under Federal Rule of Civil Procedure 16(b)(4), which provides that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The undersigned has conferred with presiding Magistrate Judge Fouratt's chambers and the Court consents to Defendants' proposed extension. Thus, the question is whether Defendants have shown good cause for the requested extension.

"In practice, [good cause] requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, ___ F.3d ____, 2019 WL 5850395, at *4 (10th Cir. Nov. 8, 2019) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). Trial Courts have "considerable discretion" in determining what kind of showing satisfies the good cause standard. *Id.* (quoting 3 James Wm. Moore, Moore's Federal Practice - Civil § 16.14[1][b] (3d ed. 2019)). Factors that the Court should consider include the diligence of the lawyer who seeks the change, whether the need for additional time was foreseeable, whether refusing to grant the extension would create a substantial risk of unfairness to the movant, and the possible prejudice to the opposing party. *Id.* at *4-5 (citations omitted). However, the "[m]ere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation … should not be considered good cause." *Id.* At *5 (quoted authority omitted).

Having considered the relevant factors, the Court concludes that Defendants have demonstrated good cause for the brief extension they request. A review of the docket in this case shows that the parties have diligently pursued discovery, and the Court does not discount the amount of preparation required for the parties to participate in the settlement conference. The Court also concludes that the need for additional time was not definitively foreseeable, as the parties could have settled this case at the settlement conference. Finally, Plaintiff has made no showing of prejudice, and neither party has yet to file a pretrial motion.

In sum, the Court believes that the issues in this case may be narrowed by resolution of Defendants' coming pretrial motions, thereby saving the parties and the Court valuable time and expense when this case proceeds to trial. *See* Fed. R. Civ. P. 1 (stating that the Court and parties should construe and administer the Federal Rules "to secure the just, speedy and inexpensive determination of every action and proceeding."). The Court also finds that Defendants have shown good cause. Therefore, Defendants' Motion to Extend the Deadline to File Pretrial Motions to December 2, 2019 [Doc. 79], is hereby **granted**.

SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE