**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

BARLOVENTO, LLC,

    Plaintiff/Counter-Defendant,

v.                                                             Civ. No. 18-1112 GJF/JHR

AUI, INC.,

    Defendant/Counter-Claimant,

WESTERN SURETY
COMPANY,

    Defendant.

## ORDER GRANTING PAGE LIMIT EXTENSION

THIS MATTER is before the Court upon the Defendants' "Motion to Exceed Page Limits on Exhibits Pursuant to Local Rule 10.5" [ECF 83] ("Motion"). The Motion is fully briefed. *See* ECFs 95 (Response), 96 (Reply). For the reasons articulated below, the Court will **GRANT** the Motion.

Defendant Western Surety Company has filed a motion for summary judgment, which includes 70 pages of exhibits. *See* ECF 85. And Defendant AUI, Inc. has filed a motion for summary judgment, which includes 504 pages of exhibits. *See* ECF 88. Defendants have represented to the Court that they made a good faith effort to "*as completely as possible . . .* limit the length of exhibits to be attached." Mot. 1 (emphasis added); *see also id.* (noting that multiple deposition transcripts were reduced to a page or two); Reply 5-6 (referencing numerous pages of other records that were excluded): *id.* at 6-7 (affirming that "the evidence appended to the motion is *necessary* to support the statement of undisputed material facts" (emphasis added)). Specifically, they have represented that the included exhibits are necessary to, *inter alia*, (1)

"establish the contractual terms of the agreement between the parties," (2) support "AUI's Statement of Undisputed Material Facts," (3) show that Plaintiff's "default termination decision" was "based on unreliable evidence" and "wrongful under applicable legal precedents," and (4) show Plaintiff's awareness that "the concrete mix proportioning study was disapproved by the Air Force beyond the contract completion date." Mot. 2; Reply 2-7.

Pursuant to the local rules, a party's exhibits "must not exceed a total of fifty (50) pages" unless (1) "all parties agree" or (2) that party files a motion and receives the Court's permission. D.N.M. LR-Civ. 10.5. Furthermore, "[a] party may file *only* those pages of an exhibit which are to be brought to the Court's attention." *Id.* (emphasis added).

The Court is appreciative of the parties' efforts to include only those exhibits that need to be brought to its attention. *See also* ECF 93 (Plaintiff's motion, which includes only 77 pages of exhibits), 95 (Plaintiff affirming that it took "reasonable steps to limit exhibits"). Furthermore, the Court encourages the parties going forward to timely come to an agreement on such ancillary matters as exhibit page length. Although the Court is sympathetic to the late (i.e., "less than three hours in the business day") notice received by Plaintiff regarding this exhibit-page-length issue, the Court at this point is nevertheless unable to ascertain what, if any, pages of Defendants' exhibits should *not* be brought to its attention. Instead, the Court is inclined, at this stage, to give the benefit of the doubt to Defendants' good faith assertions that their exhibits—particularly the 504 pages of AUI's exhibits—are indeed "necessary."

**IT IS THEREFORE ORDERED** that Defendants' Motion is **GRANTED**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*