UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

BARLOVENTO, LLC,

    Plaintiff/Counter-Defendant,

v.                                                                                      Civ. No. 18-1112 GJF/JHR

AUI, INC.,

    Defendant/Counterclaimant, and

WESTERN SURETY COMPANY,

    Defendant.

**ORDER ON BARLOVENTO'S MOTIONS IN LIMINE ## 1 AND 3, DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO *DAEWOO* CASE, AND DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF "BREACH" DURING FORBEARANCE PERIOD**

THIS MATTER is before the Court upon Barlovento's Motions in Limine ##1 and 3, Defendants' Motion in Limine to Exclude Evidence Relating to *Daewoo* Case, and Defendants' Motion in Limine to Exclude Evidence of "Breach" During Forbearance Period, each of which is fully briefed. On October 1, 2020, the Court heard oral argument on all nine pending Motions in Limine ("MILs"). *See* ECFs 202 (clerk's minutes); 205 (transcript). The Court now memorializes the decisions it announced at the hearing on the four motions that are the subjects of this Order:

    **A. Plaintiff's MIL #1 (AUI's Request for Attorneys' Fees) [ECF 130]**

Plaintiff's MIL #1 requests that the Court preclude AUI from presenting evidence or argument "seeking to recover attorneys' fees as purported damages." ECF 130 at 1. At oral argument, AUI's counsel conceded that the Court's denial [ECF 194] of Defendants' Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaims [ECF 190] "eliminates [AUI's] claim for attorneys' fees in this case." Tr. 21. Therefore, the Court **GRANTS** Plaintiff's

MIL #1 and orders Defendants, their counsel, and their witnesses to refrain from presenting evidence or referring in any way in the jury's presence to any entitlement by AUI to payment of its attorneys' fees in this case.

The Court will follow "the bedrock principle known as the 'American Rule:' Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Peter v. NantKwest, Inc.*, 140 S. Ct. 365, 370 (2019) (citations and internal quotation marks omitted). Consistent with this rule, as it forecasted at oral argument, *see* Tr. 17-19, the Court observes that the subcontract provides that, if properly terminated for default, AUI may be liable for "any attorneys' fees associated with default"—but *only* to the extent that such fees were "expense[s] of completing the Subcontract Work," specifically by qualifying as "administrative and overhead expenses … incurred by [Plaintiff]" in terminating AUI for default.  Subcontract ¶ 8.1.3.  Thus, although the Court expects to address at a later time the scope of any attorneys' fees that may be recoverable by Barlovento, the Court emphasizes that the subcontract appears to significantly limit that scope.

### B. Plaintiff's MIL #3 (Speculation about Unavailable Batch Tickets) [ECF 133]

Plaintiff's MIL #3 seeks only to exclude evidence or argument by defense counsel or defense witnesses that would amount to "speculating as to the *content* of unavailable 'batch tickets.'" ECF 133 at 1 (emphasis added).  At oral argument, defense counsel affirmed they will not "ask any witness to speculate, guess, [or] testify about the contents of batch tickets that he or she has not seen." Tr. 80.  For the reasons stated on the record, the Court **GRANTS** the motion and orders defense counsel and defense witnesses from speculating in any fashion, whether in testimony or argument, about the alleged contents of any concrete batch tickets not offered into evidence.

The Court adds, however, that this ruling is narrow and addresses only speculation as to the supposed *content* of missing batch tickets. The Court also emphasizes that this ruling does not affect the Court's future decision on AUI's request for an adverse inference instruction associated with the missing batch tickets. *See* Tr. 77-82 (the Court noting that it would decide later AUI's request for an adverse inference jury instruction).

### C. Defendants' MIL to Exclude Evidence Relating to *Daewoo* Case [ECF 128]

In this motion, Defendants seek to preclude Plaintiff's counsel from cross-examining Defendants' expert witness Robert Freas about his methodology and testimony in *Daewoo Engineering and Constr. Co., Ltd. v. United States*, 73 Fed. Cl. 547 (2006), as well as the *Daewoo* trial judge's criticism of Freas's testimony. *See* ECF 128 at 1, 5. For the reasons articulated on the record, *see* Tr. 112-15, the Court **GRANTS** the motion to the extent that it will require Plaintiff's counsel at trial to obtain a favorable ruling outside the jury's presence before referring to the *Daewoo* case in any fashion. The Court urges Plaintiff's counsel, prior to requesting any such ruling, to refamiliarize themselves with the Court's profound concerns about the admissibility of any such testimony, as articulated at oral argument.

### D. Defendants' MIL to Exclude Evidence of "Breach" During Forbearance Period [ECF 134]

This motion seeks to exclude "references by [Plaintiff] to any AUI alleged 'breaches of contract' between October 31, 2017 and December 5, 2017." ECF 134 at 1. For the reasons stated on the record, *see* Tr. 128-37, the Court **DENIES** the motion. Because the parties expressly negotiated that any time Plaintiff considered AUI to be "in default" would simultaneously amount to a "material breach" by AUI, *see* subcontract ¶ 8.1.1, the Court cannot find that the probative value of permitting such references to breaches of this subcontract in this particular case would be

*substantially* outweighed by the danger of *unfair* prejudice that Federal Rule of Evidence 403 was designed to prevent.

    **SO ORDERED.**

                                              _____
                                              THE HONORABLE GREGORY J. FOURATT
                                              UNITED STATES MAGISTRATE JUDGE
                                              *Presiding by Consent*