UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

BARLOVENTO, LLC,

    Plaintiff/Counter-Defendant,

v.                                                                                                  Civ. No. 18-1112 GJF/JHR

AUI, INC.,

    Defendant/Counterclaimant, and

WESTERN SURETY COMPANY,

    Defendant.

**ORDER ON PLAINTIFF'S MOTION IN LIMINE # 4
(ALLEGED CONTRACTUAL DUTIES UNDER FAR 52.249-10 AND 49.402-3)**

THIS MATTER is before the Court on the above-captioned motion in limine [ECF 136] ("Motion"). The Motion is fully briefed.[1] The Court held oral argument on October 1, 2020. *See* ECF 205 (transcript of argument). For the reasons that follow, the Court will **GRANT** the Motion and forbid AUI from offering *evidence* of Federal Acquisition Regulation ("FAR") 52.249-10 and 49.402-3 or any legal duty either clause might otherwise impose.

    **A. Parties' Primary Arguments**

In its Motion, Barlovento advances five separate arguments. ECF 136 at 2-3. The first four arguments are variations of the legal argument that the two FAR default provisions in question do not apply – expressly, implicitly, by operation of law, or otherwise – to the Subcontract at the heart of this litigation. Barlovento urges instead that judicial review of its termination of the Subcontract is governed by the plain language of the Subcontract's separately and specifically negotiated default provisions. *Id.* at 5-12. As a fallback position, Barlovento contends that, even

---

[1] *See* ECFs 153, 178 (response and reply).

if the Court were to hold that the FAR default provisions *do apply* to the Subcontract, neither provision imposes on a terminating party a legal duty to conduct a pre-termination schedule analysis. *Id.* at 3, 12-13.²

For its part, AUI stipulates that it will not introduce evidence of, or make any reference whatsoever to, either FAR provision in question. *See, e.g.,* ECF 153 at 2 ("[n]o witness will be asked about the 'FAR Factors' at trial"), 3 ("[t]he evidentiary presentation at trial . . . will be made without reference to the FAR Factors"), 4 ("there will be no reason to discuss FAR provisions during the evidentiary presentation at trial" and "[t]he evidentiary presentation at trial will not mention FAR 52.249-10, nor should it"), 6 ("[w]hether these FAR clauses are incorporated into the Subcontract is not relevant to the evidentiary presentation at trial"); *see also* ECF 205 at 101-105 (AUI's counsel confirming on at least four occasions during oral argument AUI's commitment not to mention either FAR provision). AUI asserts that Barlovento's Motion really isn't a motion in limine about evidence at all but is instead an extension of its summary judgment briefing and jury instructions argument. ECF 153 at 2, 4.

**B. Analysis**

This Motion requires the Court only to decide whether to forbid AUI from presenting *evidence* of FAR 52.249-10 and 49.402-3 or the legal duties those provisions traditionally impose. AUI's agreement not to reference either FAR provision in *any way* makes the Court's decision to forbid such evidence an easy one. This Motion does not require the Court, however, to decide the larger legal questions of (1) whether these provisions apply as a matter of law to the Subcontract,

---

² As the impetus for its Motion, Barlovento points to two statements by AUI in the Joint Proposed Pretrial Order wherein AUI asserted that the Subcontract incorporates both of the FAR default provisions. ECF 136 at 3-4 (referencing ECF 108 at VI(A)(2)(k-l)). Barlovento claims that AUI characterized whether the FAR provisions apply as "contested *facts*[.]" *Id.* at 3 (emphasis added). A review of the Proposed Pretrial Order, however, reflects that AUI accurately characterized the issues as "contested issues of *law*." ECF 108 at 18-19 (emphasis added).

and (2) if they do, whether either provision mandates a pre-termination schedule analysis. The Court will make those decisions at a later time.

The parties should understand that the instant decision is a narrow one. In excluding evidence of the two FAR provisions and the legal duties they arguably impose, the Court is *not* forbidding AUI from introducing evidence about what Jason Herndon and Barlovento itself considered or did not consider, did or did not do, or knew or did not know prior to or at the time the Subcontract was terminated. As the Court made clear with its questioning of Barlovento's counsel at oral argument, AUI has substantial room to cross-examine Mr. Herndon and otherwise introduce evidence – without mentioning the FAR at all – that would tend to establish that AUI was not actually in default at the time of termination on any of the three grounds of default alleged by Barlovento. *See* ECF 205 at 90-93. And counsel for Barlovento expressly agreed that AUI could do so. *Id.* (counsel agreeing that Herndon could be questioned broadly as to what he did and did not consider pre-termination, including whether AUI could have completed contract performance before a replacement contractor, whether Barlovento had received approval for a concrete mix design, and whether the base course delay was actually delaying contract performance). Today's decision simply disallows AUI from invoking either FAR provision as part of its evidentiary presentation.

For these reasons, **IT IS ORDERED** that Plaintiff's MIL #4 [ECF 136] is **GRANTED** to the extent that the Court will forbid AUI from offering *evidence* of Federal Acquisition Regulation ("FAR") 52.249-10 and 49.402-3 or any legal duty either clause might otherwise impose.

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*