**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

BARLOVENTO, LLC,

     Plaintiff,

v.                                       Civ. No. 18-1112 GJF/JHR

AUI, INC., *et al.*,

     Defendants.

**ORDER ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE EXPERT**
**OPINIONS, REPORTS, AND TESTIMONY OF ROBERT W. PRINDLE**

THIS MATTER is before the Court upon the above-captioned motion in limine [ECF 86] ("Motion"). The Motion is fully briefed.[1] The Court heard argument on February 12, 2020. *See* ECF 140 at 278-85, 297-300 (transcript of argument on this motion). For the reasons that follow, the Motion is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**.[2]

## I.   BACKGROUND

Defendant AUI has identified Robert Prindle, a geotechnical engineer, as an expert witness expected to testify at trial. Prindle has issued four expert reports, which together total more than 150 pages of analysis and include more than thirty separate opinions. *See* ECFs 105 at 4; 105-1; 105-2; 105-4; 105-6 (excerpts from Prindle's original August 2019 report, September 2019 rebuttal report, and October 2019 addendum report and a reference to a "second addendum" report). AUI expects Prindle to educate the jury about issues associated with the subgrade and base course layers of the taxiway construction project that was the subject of the Subcontract at the heart of this lawsuit. Among other things, Prindle is expected to testify about the methodology used to test the

---

[1] *See* ECFs 105, 111 (response and reply).

[2] Specifically, the Court grants the Motion to the extent that the witness's expert reports will be excluded, but denies the remainder of the Motion without prejudice.

basalt base course, certain alleged flaws in that methodology, and the alleged unreliability of the test results that the methodology produced.  He is also expected to testify that the limestone base course composition proposed by AUI would have satisfied the Subcontract's specifications.

Barlovento now asks the Court to circumscribe Prindle's testimony by forbidding him from offering legal conclusions about contractual responsibility in this case.  Barlovento is not seeking an order excluding Prindle's testimony altogether, but only any effort by him to interpret the Subcontract and render legal conclusions about contractual responsibility for certain tasks.  *See, e.g.,* ECF 86 at 1; ECF 111 at 3 (stating in reply brief that "Barlovento seeks to exclude Mr. Prindle's opinions, reports, and testimony *only to the extent* he opines on the parties' contractual obligations.") (emphasis added).[3]  The Motion does not challenge Prindle's foundation to render geotechnical opinions nor the reliability and admissibility of those opinions.

## II.  PARTIES' PRIMARY ARGUMENTS

Barlovento's objections to Prindle's expected testimony are straightforward.  Because Prindle is not a lawyer, not otherwise trained in contract interpretation or the assigning of contractual responsibility, and has not familiarized himself with the contracts at issue in this case, he lacks the foundation under Federal Rule of Evidence 702 to render *legal* conclusions as to which party the Subcontract assigned responsibility for which tasks.  ECF 86 at 7-9.  As an additional reason for exclusion, Barlovento asserts that certain of Prindle's opinions as to which party bore which responsibility are in conflict with both the Subcontract language and the testimony of AUI's own project manager.  *Id.* at 9.

---

[3] In addition to an order restricting the scope of Prindle's testimony, Barlovento also requests that the Court exclude Prindle's expert reports themselves.  ECF 86 at 1, 3, 9.  At oral argument, AUI's counsel agreed that the reports will not be admitted.  ECF 140 at 284:12-17 (Mr. Mills: "Reports aren't coming in.  They're hearsay.").  The Court therefore will exclude the reports and prohibit Defendants and their counsel from making any reference to them during trial.  To the extent that circumstances arise that cause defense counsel to believe that Barlovento has opened the door to the admission of any of the witness's reports, the Court will require defense counsel to obtain a ruling outside the jury's presence before offering any of the reports into evidence or otherwise referring to them.

AUI responds by insisting that Prindle will not be rendering any legal conclusion or legal opinion about contractual responsibility at all.  Instead, Prindle "is setting forth the contractual relationship among the parties and noting which party should have acted when issues were raised, which is not a legal conclusion but a statement of fact based on experience."  ECF 105 at 3.  AUI also describes the broad scope and nature of the reports that Prindle has produced and his geotechnical opinions about various aspects of subgrade, base course, soil conditions, and quality control testing.  *Id.* at 4.  AUI contends that Prindle's descriptions of "the typical role of a prime contractor in its dealings with the owner, the subcontractor and contracted third parties are not legal conclusions, but statements based on Mr. Prindle's knowledge and experience as a geotechnical engineer, as an engineer of record, and his experience in the construction industry." *Id.* at 5 (citation omitted).  AUI emphasizes that Prindle's "reports do not contain opinions regarding the parties' contractual obligations but factual statements based on his 40 years of experience as a geotechnical engineer in the construction industry as to the relationship among an owner, a prime contractor and a subcontractor, and as to the responsibilities of a geotechnical engineer of record."  *Id.* at 9.  AUI points out that Prindle was not retained to develop opinions about the parties' contractual responsibilities and does not have any such opinions.  *Id.* at 10.

## III. LEGAL STANDARD

Under the Federal Rules of Evidence, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise" if four conditions are met:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

3

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  In applying this standard, the court must "first decide whether the proffered expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." *Bill Barrett Corp. v. YMC Royalty Co., LP*, 918 F.3d 760, 770 (10th Cir. 2019) (quoting Rule 702). Second, "the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology."  *Id.* (quoting *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc)) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993); *see also Nacchio*, 555 F.3d at 1241 (stating that "the district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact" (internal quotations marks omitted)).

## IV. ANALYSIS

There is no dispute between the parties whether Robert Prindle is a lawyer or is otherwise trained in contract interpretation.  He is neither.  Nor do the parties dispute that, at least by the time of his deposition, he had not familiarized himself with either the Prime Contract or Subcontract relevant to this case.  Nor is there any apparent disagreement that Prindle *is* a geotechnical engineer whose opinions about various aspects of the subgrade and base course of the project are potentially helpful to the jury's understanding of them. The dispute arises because Barlovento insists that Prindle is drifting outside his lane, poised to render *legal* conclusions about contractual responsibility and which party bore which responsibility for which task.  But AUI says Prindle will be doing no such thing, instead merely educating the jury about matters of *fact* based on his

education, training, and 40 years of relevant geotechnical experience in the construction industry. And for its own part, the Court finds itself without sufficient context or sufficient information to decide the issue in the abstract in advance of trial.

To be sure, the Court will not permit this witness to offer legal conclusions or legal opinions about contractual responsibility. *See SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, 841 F.3d 827, 833 (10th Cir. 2016) (observing that "[t]he proper construction of a contract . . . is a question of law" (internal quotation marks omitted)); *United States v. Richter*, 796 F.3d 1173, 1195-96 (10th Cir. 2015) (explaining that expert testimony may not "interfere[] with the function of the judge in instructing the jury on the law" or "state legal conclusions drawn by applying the law to the facts" (internal quotation marks omitted)). But the Court is not at all confident that Prindle will actually be doing so, and the Court does not want to prematurely or unfairly deny AUI the opportunity to employ Rule 702 in an arguably proper way. As AUI's counsel assured at oral argument, Prindle's opinions are entirely technical in nature rather than legal. ECF 140 at 279. Because refereeing this dispute requires context at an especially granular level, the Court will need to wait until the witness testifies – when the Court can hear the colloquy between lawyer and witness – before it can ascertain whether the witness is actually offering a *legal* conclusion or opinion or is instead testifying as to *factual* matters informed by his experience, education, and training.[4]

---

[4] The Court emphasizes that Barlovento retains its right to object to any question or any answer on any basis, whether premised on Rule 702, Rule 401, Rule 403, or otherwise, and to request limiting instructions as appropriate.

## V.   CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion [ECF 86] is **GRANTED IN PART**

**AND DENIED WITHOUT PREJUDICE IN PART** as explained in this Order.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*