UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

BARLOVENTO, LLC,

    Plaintiff,

v.                                                            Civ. No. 18-1112 GJF/JHR

AUI, INC., *et al.*,

    Defendants.

## ORDER ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE EXPERT OPINIONS, REPORTS, AND TESTIMONY OF ROBERT M. FREAS

THIS MATTER is before the Court upon the above-captioned motion in limine [ECF 89] ("Motion"). The Motion is fully briefed.[1] The Court heard argument on February 12, 2020. *See* ECF 140 at 285-291, 300-301 (transcript of argument on this motion). For the reasons that follow, the Motion is **GRANTED IN PART AND DENIED IN PART**.

Defendant AUI[2] has identified Robert Freas as an expert witness to testify at trial about issues relating to schedule analysis and damages. Freas is expected to offer opinions, *inter alia*, about various periods and causes of excusable delay associated with AUI's performance under the Subcontract and the costs incurred by AUI arising from Barlovento's termination of the Subcontract. *See* ECF 106 at 6-11. Freas opines that AUI should have been entitled to an extension of 163 days beyond the original performance completion date of December 12, 2017. *Id.* at 6. He is further prepared to testify that it was Barlovento's concrete proportioning study, not AUI's limestone base course, that was driving the "critical path" of the project. *Id.* at 10. Freas also has

---

[1] *See* ECFs 106, 113 (response and reply).

[2] The Court recognizes that both Defendants named in this lawsuit have joined in opposition to the instant Motion. Nonetheless, for ease of reference, the Court will use the familiar names of only the parties to the Subcontract at issue in this case.

estimated that AUI's damages are approximately $1.833 million in the event that the termination of the Subcontract is converted to one for convenience instead of for default. *Id.* In the instant Motion, Barlovento now asks the Court to exclude Freas from testifying altogether. ECF 89 at 1, 17.

Under the Federal Rules of Evidence, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise" if four conditions are met:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In applying this standard, the court must "first decide whether the proffered expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." *Bill Barrett Corp. v. YMC Royalty Co., LP*, 918 F.3d 760, 770 (10th Cir. 2019) (quoting Rule 702). Second, "the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology." *Id.* (quoting *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc)) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993); *see also Nacchio*, 555 F.3d at 1241 (stating that "the district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact" (internal quotations marks omitted)).

The Court reads Barlovento's Motion as raising six specific criticisms of Freas's report and expected testimony:

A. The specific methodology employed by Freas in this case was found unreliable by another federal court.  *Id.* at 9-13.

B. Freas improperly used as a basis of his opinions AUI's own Job Cost Report instead of an objective audit of AUI's costs.  *Id.* at 10

C. Freas improperly included in the cost of materials for damages computation the $646,000 associated with the removal of the basalt base course layer that the Air Force deemed unsuitable.  *Id.* at 11-12.

D. Freas reached an improper legal conclusion that AUI's termination was unjust and should be converted to one of convenience.  *Id.* at 14.

E. Freas's report included excerpts from the Subcontract that purport to "double" as jury instructions.  *Id.* at 15-16.

F. Freas's report included extensive factual summaries about various aspects of the Subcontract's performance schedule that are improper for an expert witness and should instead be accomplished by fact witnesses.  *Id.* at 16-17.[3]

After ample consideration of the parties' briefs, attached exhibits, relevant legal authorities, and the transcript of the motion hearings, the Court addresses each objection as follows:

A. In a separate decision, the Court has ordered Barlovento and its counsel not to refer to the *Daewoo* case or its criticism of Freas without obtaining a favorable ruling outside the jury's presence.  *See* ECF 206 at 3.  During oral argument, the Court explained its serious concerns about the admissibility of any such reference.  *See* ECF 205 at 110-115. The Court does not consider the

---

[3] As an initial matter, to the extent that Barlovento objects to the admission into evidence of Freas's report itself, the Court sustains the objection, just as it did with Robert Prindle's report.  *See* ECF 217 at 2 n.3 (excluding report from evidence absent Barlovento opening door to its admission).

*Daewoo* judge's criticism of Freas's methodology in a long-ago case with other facts and issues to render the witness's testimony so infirm under Rule 702 as to be entirely excludable.

B. As to the issue of Freas relying on a Job Cost Report instead of an objective audit in performing his damage computation, the Court considers this objection to militate much more toward whatever weight the jury may give the testimony than to its threshold admissibility. Although the Court will give Barlovento plenty of leeway to cross-examine on this point, the Court does not consider this criticism sufficient to trigger exclusion of Freas's damages computation opinions under Rule 702.

C. The Court is of a similar mind on the issue of Freas incorporating into the cost of materials the $646,000 associated with AUI having to remove the basalt base course. As the Court understands it, Freas has explained that this line item relates to the contested issue of whether the initial base course actually satisfied specifications and therefore should not have been deemed unsuitable or ordered removed. On this point, the expected testimony of Freas converges with that of Robert Prindle, as to whose testimony the Court has issued a separate order. *See* ECF 217. The Court does not view the inclusion of the $646,000 line item in Freas's damages computation as particularly complicated or in any way likely to confuse the jury. That Barlovento insists the line item shouldn't be in Freas's equation *at all* is not a reason to exclude his testimony but instead a reason to grant Barlovento ample latitude to criticize the point on cross-examination.

D. With respect to Barlovento's objection to Freas's opinion that the termination for default was improper and should be converted to a termination for convenience, the Court considers the objection well-taken. That is why the Court questioned AUI's counsel at oral argument about whether Freas would be "opin[ing] as to the proper characterization of the termination." ECF 140

4

at 286.  AUI's counsel agreed that Freas would not do so.  *Id.*  The Court therefore considers this objection to be moot.

  E. The Court will overrule Barlovento's objection that Freas's report includes lengthy excerpts of the Subcontract that appear to double as jury instructions.  The Court emphasizes, however, as it did with Robert Prindle, that the Court will not permit Freas to offer legal conclusions or legal opinions, for he lacks a sufficient foundation to do so.  *See SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, 841 F.3d 827, 833 (10th Cir. 2016) (observing that "[t]he proper construction of a contract . . . is a question of law" (internal quotation marks omitted)); *United States v. Richter*, 796 F.3d 1173, 1195-96 (10th Cir. 2015) (explaining that expert testimony may not "interfere[] with the function of the judge in instructing the jury on the law" or "state legal conclusions drawn by applying the law to the facts" (internal quotation marks omitted)).  But the Court is not convinced that AUI will actually attempt to elicit from Freas his opinions about what the Subcontract language means or how the jury should interpret it.  Instead, the Court in its discretion will wait until the witness testifies – when the Court can hear the colloquy between lawyer and witness – because only then will the Court be certain that the witness is actually offering a *legal* conclusion or opinion instead of testifying as to *factual* matters informed by his experience, education, and training.[4]

  F. The Court reaches much the same conclusion with respect to Barlovento's objection to the extensive factual summaries that Freas included in his report.  In advance of trial, without the context of opening statements and Barlovento's case-in-chief, it is difficult for the Court to predict the ebb-and-flow of Freas's testimony.  It may be that his opinions require some scene-setting,

---

[4] The Court emphasizes that Barlovento retains its right to object to any question or any answer on any basis, whether premised on Rule 702, Rule 401, Rule 403, or otherwise, and to request limiting instructions as appropriate.

including some reasonable summary of evidence the jury has already heard.  While some of that is necessary to aid in the jury's understanding of Freas's testimony, too much of it risks Freas essentially being used to make a closing argument for the party that hired him.  Besides excluding from evidence the report itself, however, the Court is reluctant *at this point* to do any more.  Consequently, the Court will deny this objection without prejudice.  Barlovento is free to raise this issue again during the witness's testimony.

**IT IS ORDERED** that the Motion [ECF 89] is **GRANTED IN PART AND DENIED IN PART** as explained in this Order.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*