**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

BARLOVENTO, LLC,

      Plaintiff/Counter-Defendant,

v.                                                                      Civ. No. 18-1112 GJF/JHR

AUI, INC.,

      Defendant/Counterclaimant, and

WESTERN SURETY COMPANY,

      Defendant.

**MEMORANDUM OPINION AND ORDER ON
<u>DEFENDANTS' MOTION FOR RECONSIDERATION</u>**

THIS MATTER is before the Court on Defendants' "Motion for Reconsideration on Motion in Limine Pertaining to Concrete Test Strips." ECF 214 ("Motion"). The Motion is fully briefed. *See* ECFs 222 (Response), 223 (Reply). For the following reasons, the Court will **DENY** the Motion.

## I.   LEGAL STANDARD

While the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, Rule 54(b) provides that any order or decision "that adjudicates fewer than all claims . . . may be revised at any time before the entry of a judgment adjudicating" all claims. Fed. R. Civ. P. 54(b). In this District, Rule 54(b) has been interpreted to provide the reviewing court the discretion to "select the standard of review for a motion to reconsider an interlocutory order." *Kruskal v. Martinez*, 429 F. Supp. 3d 1012, 1024 (D.N.M. 2019). For its part, the Tenth Circuit has found instructive the standard used to review a motion made under Rule 59(e). *See Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (unpublished). In the Rule 59(e) context,

there are three circumstances in which granting a motion to reconsider is appropriate; first, where there is an intervening change in the controlling law; second, when there is new evidence that was previously unavailable; and third, where there is a need to correct clear error or prevent manifest injustice. *Id.* (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

A motion to reconsider is also appropriate "where the court has misapprehended the facts, a party's position, or the controlling law," but such motions are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in a prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012. "Absent extraordinary circumstances, … the basis for the second motion must not have been available at the time the first motion was filed." *Id.; see also Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n. 2 (10th Cir. 2001) (holding that a court, in reviewing a motion to reconsider, need not address new arguments raised by the parties); *United States v. Castillo-Garcia*, 117 F.3d 1179, 1197 (10th Cir. 1997) (emphasizing that "arguments raised for the first time in a motion for reconsideration are not properly before the court and generally need not be addressed").

## II.  DISCUSSION

Defendants request that this Court reconsider the portion of its October 2020 decision [ECF 212] that denied Defendants previous request [ECF 135] to "exclud[e] altogether any evidence of AUI's placement of concrete test strips," ECF 212 at 1, 4-7. *See* Mot. 1-2. As explained below, the Court will deny this request.

In its October 2020 decision, the Court was unpersuaded by "Defendants' principal argument that all of this evidence [concerning the placement of concrete test strips] is irrelevant under Rule 401." ECF 212 at 4. Specifically, the Court was not persuaded it that—in resolving a motion in limine—it should find such evidence irrelevant by holding that AUI's contractual

obligation to place concrete test strips never ripened due to Plaintiff's failure to submit to the Air Force an approved concrete mix design . *Id.* at 1-2, 4-7. In reaching this decision, the Court thoroughly considered Defendants' position that "certain specifications in Plaintiff's prime contract with the Air Force forbade the placement of any concrete 'until the [Air Force] Contracting Officer has approved the Contractor's mixture properties.'" *Id.* at 1-5 (quoting ECF 135 at 2). These specifications notwithstanding, the Court declined to hold that Plaintiff was first required to obtain approved mix proportions before AUI could be legally compelled to place concrete test strips. *Id.* at 4-5.[1]

As Defendants acknowledge, "the only pertinent question" presented by their Motion is one the Court has already addressed: "whether AUI could have been legally compelled to do anything with respect to [concrete] test strip placement absent approved mix proportions." Mot. 214. Furthermore, Defendants acknowledge that their Motion "is not based on an intervening change to controlling law or on clear legal error." Reply 8. Instead, it is based on what Defendants characterize as both "an admission" and "new evidence:" a statement by Plaintiff's counsel at the motions in limine hearing that it was Plaintiff – and not AUI – that submitted to the Vulcan concrete plant the mix proportions for the concrete that AUI would then pour at the test strip site. Mot. 3; Reply 8. Defendants urge the Court to look beyond the plain language of the contract and use this "admission" to conclude that Plaintiff "assumed responsibility for the mix proportions"— thus relieving AUI of what was previously *its* contractual responsibility. Mot. 3-4. Defendants then encourage the Court, however, to look *at* the plain language of the contract's incorporated

---

[1] *See also id.* (the Court discussing the "substantial evidence in the record that the Air Force itself – which included the very specifications in its prime contract that Defendants [sought] to invoke – knew of and at least implicitly approved the concrete test strips" and noting that the parties and the Air Force all "understood that concrete test strips would be placed *before* the Air Force issued a final mix design" (emphasis in original)).

specifications and to conclude that —despite the Air Force, Plaintiff, and Defendants' behavior all suggesting otherwise, *see supra* note 1—Defendants' contractual obligation to place concrete test strips never actually ripened and any evidence of concrete test strips should be excluded.  Mot. 3-5; ECF 135 at 2-5 (same).

The Court finds that the "admission" cited by Defendants is not "new evidence previously unavailable."  *Servants of the Paraclete*, 204 F.3d at 1012.  Indeed, to the extent counsel's statement qualifies as a "binding judicial admission" or simply probative evidence under Federal Rule of Evidence 801(d)(2), the Court had been well aware of its existence for nearly a month before it issued its decision.  The Court also had the benefit of Defendants' counsel's view of the importance of this purported admission. Tr. [ECF 205] at 141 (Werther: "Barlovento has admitted that it took over the mix study.  *It admitted it today in this hearing* and it admitted it contemporaneously on October 6th of 2017 in a letter to AUI.") (emphasis added).   So what Defendants have described as a new "admission" is an insufficient basis on which to justify their request for reconsideration. Furthermore, because Defendants' Motion "revisit[s] issues already addressed"—with evidence that was already before the Court, with no intervening change in applicable law, and with no argument of clear legal error—the Court will exercise its discretion to decline reconsideration and deny the Motion.[2]

---

[2] The Court recognizes that Defendants moved for reconsideration when this case was still headed toward a jury trial. With the Court now sitting as finder of fact, however, the risks of confusion and unfair prejudice that gave rise to the original motion in limine should be substantially allayed.  The Court anticipates a spirited evidentiary contest between the parties on the questions surrounding the concrete mixture, which party bore contractual v. actual responsibility for it, and whether and to what extent the concrete mixture contributed to the failure of the test strips.  The Court well understands Defendants' legal position that such an evidentiary contest should not happen at all because – as a matter of law – AUI's contractual responsibility to pour satisfactory test strips never ripened due to failure of a condition precedent.  Defendants pressed that point with unmistakable clarity in their opening motion in limine.  Although the Court denied that aspect of the motion in limine, Defendants preserved the issue for all future purposes and nothing about today's denial of reconsideration affects its preservation.

**IT IS THEREFORE ORDERED** that Defendants' Motion is **DENIED**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
***Presiding by Consent***